UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEREMY SANDY WILLIAMS, A.K.A. GEREMY WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>UNKNOWN PARTIES,<br><br>Defendants. | No. 1:25-cv-00799 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING THIS MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FOR FAILURE TO PROSECUTE<br><br>(ECF No. 6)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a federal inmate proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (federal prisoner). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to obey a court order. Plaintiff will be given fourteen days to file objections to this order.

## I. RELEVANT FACTS

On May 20, 2025, Plaintiff's complaint was docketed in the District of Arizona. ECF No. 1 at 1. Thereafter, on July 2, 2025, the matter was transferred to the Fresno Division of the Eastern District of California. See ECF No. 4.

On July 3, 2025, the Court ordered Plaintiff either to file an application to proceed in forma pauperis along with his six-month prison trust fund account statement or to pay the filing fee in full. ECF No. 6. Plaintiff was given thirty days to comply with the Court's order.

More than thirty days have passed and Plaintiff has not complied with the Court's order, nor has he requested an extension of time to do so. He has not responded to the order in any way.

## II. APPLICABLE LAW

### A. Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

### B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

## III. DISCUSSION

### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has failed either to pay the filing fee in full or file an application to

2

proceed in forma pauperis along with a copy of his six-month prison trust fund account statement warrants dismissal of this matter, in accord with Rule 41(b). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110.

### B. Application of Malone Factors Supports the Dismissal of This Case

#### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time either to pay the filing fee in full or submit the appropriate documents so that the Court can consider granting him in forma pauperis status. Unfortunately, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that keeping this case on the Court's docket when Plaintiff has failed to take the most simple and basic of steps by either filing a complete application to proceed in forma pauperis or paying the filing fee in full, is not a good use of the Court's already taxed resources, and doing so would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter, irrespective of any response that may be filed by Plaintiff after the issuance of this order.

#### 2. Risk of Prejudice to Defendants

Furthermore, because Defendants have yet to be served in this case, and, as a result, have

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

not put time and effort into defending against it, there will be no prejudice to them if the matter is dismissed. On the contrary, dismissal will benefit Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that by law, this case cannot proceed without either Plaintiff's payment of the filing fees in full or his submission of a viable, completed application to proceed in forma pauperis that has been granted (see 28 U.S.C. §§ 1914(a)-(b); 1915(a)(1)-(2)), there is no less drastic option than dismissal. Without having resolved the filing fee issue, this matter cannot be prosecuted, nor can it be disposed of on its merits.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute and for failure to obey a court order. Plaintiff shall be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to prosecute and for failure to obey a court order. See Fed. R. Civ. P 41(b); Local Rule 110.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections. To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity. Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the

28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 13, 2025**                         **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE